Ruffin, C. J.
 

 Petitions for distributive shares are in the nature of proceedings in Equity, and are governed as to the costs; a's well as other matters, by the principles and practice of the Court of Equity:
 
 Ryden
 
 v
 
 Jones,
 
 3 Hawks, 24. In general it is the iule of that.Court, except under very peculiar circumstances, that an appeal will not be entertained for costs only. 2 Mad. Eq. 577. , The reason is, that in Equity costs do not, as of strict right, follow the event of the cause, but are given in the discretion of the Court, according to the circumstances and conduct of the parties in each case. On this ground alone; the decree would be comfirm-ed in the case before us.
 

 But, besides, this case very fully evinces the soundness of the principles, on which costs are giver, in Equity; and that the decree here was a ver^ proper exercise of the discretion of the Court. The defendantis an administrator, a mere trustee, charged with no breach of trust and guilty of no default whatever! He interposed no obstacle in the way Of the plaintiffs. He might have done so without an imputation in this case, since' the petition does not make all the next of kin of the intestate parties, nor even the two adult children of Mrs. Byrd; and it would have been but at reasonable precaution, to make the
 
 *74
 

 objection, that they were
 
 not parties, in order to
 
 protect the
 
 defendant from the expense and trouble of accounting a second time with those persons. But the defendant waived every thing of that kind, and, without delay, rendered an. account, which is found to be correct. Under such circumstances, the defendant ought not to be made to pay the plaintiff’s costs nor even his own; but ought tó be indemnified for his necessary expenses. Then the hasty institution by the guardian of a suit so entirely needless, in the first instance, and the prosecuting of it by appeal from Court to Court, for distributive shares so very small as these, indicate, altogether, that the guardian sought the office that he might vex the defendant with a litigation, which he thought would be at the defendant’s expense. The suit seems to have been wantonly brought and vexatiously pursued. It is to be observed, too, that the decree, as it is, does injustice to the defendant, inasmuch as it makes him pay to four of the children of Ann Griffith, what was found to belong to all six. This we cannot now correct, forasmuch as the defendant submitted to it. But it furnishes another reason for not disturbing,
 
 bat
 
 affirming the decree appealed from; which is done accordingly and with costs in this Court.
 

 Per Curiam, Decree affirmed with costs.